

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: SUBPOENA TO TIME WARNER  §
CABLE INC. §
§  Civil No. 11-MC-41-F
§

# ORDER GRANTING TIME WARNER CABLE INC'S MOTION TO QUASH

BEFORE THE COURT is Time Warner Cable Inc.'s ("TWC") Motion to Quash (Docket No. 2), filed March 31, 2011. The Motion requests that the Court quash a subpoena that was served by FUNimation Entertainment on March 18, 2011. As of the date of this Order, no response in opposition has been filed by FUNimation Entertainment. After reviewing the Motion, the Court is of the opinion that TWC's Motion to Quash (Docket No. 2) should be GRANTED.

## Discussion

On January 24, 2011, FUNimation Entertainment filed a complaint in the Northern District of Texas against Does 1-1,337 alleging that "Defendants collectively participated, via the internet, in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, '*One Piece: no. 481, Ace Rescued! Whitebeard's Final Order!*' by means of file transfer technology called, BitTorrent." *See FUNimation Entertainment v. Doe 1*, 3:11-cv-00147-F, Docket No. 1 at 2. On February 1, 2011 FUNimation Entertainment filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. *See id.* at Docket No. 4.

The Court initially granted the Motion allowing FUNimation Entertainment to serve subpoenas on internet service providers to gather information sufficient to identify each Defendant Doe. *See id.* at Docket No. 5. However, on February 7, 2011, the Court vacated its prior Order granting FUNimation Entertainment's Motion for Leave to Take Discovery and asked it to show cause as to why the Court should not appoint attorneys ad litem to represent the Does' interests in the Motion for Leave to Take Discovery. *See id.* at Docket No. 6. A response to the Order to Show Cause was due by February 28, 2011. *Id.* No response has been filed to date.

On February 10, 2011, the Court issued an Order severing from the case Does 2-1,337. *See id.* at Docket No. 7. The Court entered an Advisory to FUNimation Entertainment to respond to the Court's Order to Show Cause by March 18, 2011, or the Court would appoint an attorney ad litem to represent Doe 1's interest in the Motion for Leave so that the case could move forward. *See id.* at Docket No. 11. On March 18, 2011, FUNimation Entertainment filed its Notice of Dismissal terminating the case.

It appears from the records provided by TWC, that on the same day it dismissed its case against Doe 1, and over a month after the Court had vacated its Order granting FUNimation Entertainment's Motion for Leave to Take Discovery, FUNimation Entertainment served a subpoena on TWC seeking identifying information for over two hundred Internet Protocol addresses, pursuant to 17 U.S.C. § 512(h)(2)(C). *See* Docket No. 3 at 3. The case number for which the information was being requested was not identified

on the face of the Subpoena,[1] but attorney Evan Stone signed a Declaration Pursuant to 17 U.S.C. § 512(h) that the subpoena was being served on behalf of FUNimation Entertainment. The Court can only assume that the request was made in connection with the only pending case in the Northern District with FUNimation Entertainment as a party when the subpoena was served, *FUNimation Entertainment v. Doe 1*, 3:11-cv-00147-F.

TWC argues in its Motion that section 512(b) of the Digital Millennium Copyright Act, 17 U.S.C. § 512(h), does not authorizes the issuance of subpoenas under the circumstances present in this case. FUNimation Entertainment has provided no response in opposition to these assertions. However, even if the subpoena were proper under 17 U.S.C. § 512(h), the Court vacated its Order allowing discovery prior to the Rule 26(f) conference over a month before the subpoena at issue was served. FUNimation Entertainment has not provided the Court with any information as to why the subpoena issued to TWC was valid and proper. Therefore, after reviewing the law and applicable facts presented in TWC's Motion, the Court is of the opinion the Motion to Quash should be granted.

TWC also asks the Court to direct the Clerk of Court not to authorize any further subpoenas to be issued by FUNimation Entertainment's attorney absent an order of the Court authorizing discovery. TWC argues that said attorney has demonstrated a pattern of

---

[1] Federal Rule of Civil Procedure 45 states that every subpoena must "state the title of the action, the court in which it is pending, and its civil-action number." Fed. R. Civ. P. 45(A)(ii).

issuing improper subpoenas and he continues to serve subpoenas that are plainly invalid on their face resulting in extensive burdens and costs on TWC. The Court understands TWC's frustration, but because it appears that most of said attorney's cases in the Northern District have been closed, including the one furnishing the ground for the subpoena, the Court finds that it is not necessary to enter the requested directive to the Clerk of Court at this time.

## Conclusion

Accordingly, for the reasons stated above, Time Warner Cable Inc.'s Motion to Quash is GRANTED. All other relief requested is DENIED WITHOUT PREJUDICE. The Clerk of the Court is instructed to close this case.

It is so Ordered.

Signed this 9th day of May, 2011.

_____
Royal Furgeson
Senior United States District Judge